UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YI TAI SHAO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN G. ROBERTS, JR., *et al.*,<br><br>　　　　　　Defendants. | Case No. 24-cv-2814 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff Yi Tai Shao filed a civil complaint against more than 150 Defendants, including Kamala Harris, Merrick Garland, Antony Blinken, staff members for the Wisconsin and California state bars, the American Inns of Court, Google, current and former Justices of the U.S. Supreme Court, and various judges (including those of this court, the D.C. Circuit, the Ninth Circuit, the U.S. District Courts for the Northern and Eastern Districts of California, and California state courts). ECF 1, 4.[1] For the reasons discussed below, the Court **DISMISSES** Shao's complaint for, among other reasons, failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "'[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail the Rule's standard." *Jiggetts v. District of Columbia*, 319 F.R.D. 408 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Shao's complaint does not satisfy these requirements. The complaint and its accompanying attachments run more than 1500 pages. *See* ECF 1. While the complaint is difficult to follow, Shao's allegations seem to arise from a child custody dispute in California and resulting litigation. *See* ECF 4 at 6–8 (referencing custody dispute and subsequent lawsuits). Shao alleges various conspiracies, "racketeering activities," "judicial abduction," forgery, robbery, and bribery. *See id.* at 80. For example, she claims (among other things) that Supreme Court Justices "committed about 20+ incidents of crimes" in an appeal she brought, *id.* at 5; that the Chief Justice of the Supreme Court of California, Tani Cantil-Sakauye, "conspired in robberies and money laundering from California Franchise Tax into California Department of Child Support Services in suspending Plaintiff's bar license on 2/24/2022," *id.* at 43; that Kamala Harris "conspired to dismiss with prejudice two class actions about legislative reforms" in order "to get this giant secret legal society, American Inns of Court's full support for her U.S. Senate Seat," *id.* at 80; and that the attorney who initially represented Shao in the custody dispute, James McManis, "is a wizard who uses witchcrafts from Satanism," *id.* at 84.

Even construing the complaint and accompanying documents liberally, the Court is unable to discern the substance of Shao's claims or determine whether, if true, her allegations would entitle her to relief. Shao's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

Even setting Rule 8 aside, certain of Shao's claims (such as the Court can discern them) are otherwise barred or improper. First, to the extent that Shao sues judicial officers for money damages, such claims are barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991). Second, to the extent that Shao attempts to challenge a custody determination made by a California state court, federal courts lack jurisdiction to "resolve parental conflicts over the custody of . . . children." *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982). And third, any attempt to relitigate claims Shao has already litigated—*see, e.g.*, *Shao v. Roberts*, No. 18-CV-1233, 2019 WL 249855 (D.D.C. Jan. 17, 2019), *aff'd*, No. 19-5014, 2019 WL 3955710 (D.C. Cir. July 31, 2019), *and aff'd*, No. 19-5014, 2019 WL 11340269 (D.C. Cir. Nov. 13, 2019); *Shao v. Roberts*, No. 2:22-CV-325, 2022 WL 951241 (E.D. Cal. Mar. 30, 2022), *report and recommendation adopted*, 2022 WL 1172541 (E.D. Cal. Apr. 20, 2022), *aff'd*, No. 22-15857, 2024 WL 1461953 (9th Cir. Apr. 4, 2024)—may be barred by *res judicata*. *See Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (explaining that *res judicata* bars a subsequent lawsuit "if there has been prior

litigation (1) involving the same claims or cause of action, (2) between the same parties . . . and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." (quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009))).

\* \* \*

"Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). However, because "the plaintiff has shown that [s]he is no stranger to the courts, having filed [several] previous lawsuits akin to this one,"[2] *id.*, and because Shao has in fact already filed an amended complaint, *see* ECF 4, the Court instead finds it appropriate to **DISMISS** this case without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 8, 2024

---

[2] The complaint also states that Shao is a former attorney whose bar license was suspended in 2022. *See* ECF 4 at 1 n.1.